IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                   |   |                                  |
|-----------------------------------|---|----------------------------------|
| JEFFREY NIX EL                    | : |                                  |
|                                   | : |                                  |
| v.                                | : | Civil Action No. DKC 16-0696     |
|                                   | : |                                  |
| BRAND GROUP HOLDINGS, INC.,       |   |                                  |
| et al.                            | : |                                  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are a motion to dismiss filed by Defendants Brand Group Holdings, Inc. and Brand Mortgage Group ("Defendants") (ECF No. 4), and a motion to strike filed by Plaintiff Jeffrey Nix El ("Plaintiff") (ECF No. 8). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted and the motion to strike will be denied as moot.

**I.   Background[1]**

On April 4, 2014, Plaintiff agreed to a loan with Defendants. (ECF No. 1 ¶¶ 5-6). Plaintiff later discovered that the loan documents contained notary signatures that did not match the signature of that notary on file with the Maryland Secretary of State. (*Id.* ¶ 6). In September 2015, Plaintiff

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

began corresponding with Defendants over the validity of his loan. (*Id.* ¶¶ 7-9). Finding Defendants' responses to his correspondence inadequate, Plaintiff sent two notices in December 2015 indicating that he would no longer honor the contract and was seeking rescission. (*Id.* ¶¶ 10-11).

Plaintiff filed his complaint in this court on March 9, 2016, alleging violations of his constitutional rights (Count I); violations of 15 U.S.C. § 1 and the Truth in Lending Act, 15 U.S.C. § 1635 (Count II); and breach of fiduciary duty in violation of 15 U.S.C. § 80a-35 and 29 U.S.C. § 1109(a) (Count III). Defendants filed the instant motion to dismiss on April 1. (ECF No. 4). Plaintiff responded (ECF No. 7), and moved to strike an affidavit attached to Defendants' motion (ECF No. 8). Defendants replied to the motion to dismiss (ECF No. 10), and responded to the motion to strike (ECF No. 9).

## II. Jurisdiction

Defendants contend that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. (ECF No. 4, at 5). Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In their reply, Defendants also belatedly argue that the court should refrain from jurisdiction under the

*Younger* abstention doctrine (ECF No. 10, at 1), which "requires a federal court to abstain from interfering in state proceedings," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008).[2] Defendants argue that the *Rooker-Feldman* or *Younger* doctrines should apply here because Plaintiff's injuries are related to a state foreclosure proceeding. (ECF No. 4, at 5). Although Defendants have attached a court docket showing an active foreclosure proceeding against Plaintiff in the Circuit Court for Prince George's County, Maryland (ECF No. 4-1, at 1-2), the complaint makes no mention of foreclosure or any state court proceeding. As pleaded, it is not clear that the harms alleged in the complaint are related to the foreclosure, and

---

[2] "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006). If the *Younger* elements are met, restraint is demanded "so long as there is no showing of bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

therefore these two doctrines do not preclude jurisdiction at this time.

## III. Motion to Dismiss

### A.   Standard of Review

Defendants also challenge the complaint under Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in the complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d

1130, 1134 (4th Cir. 1993)).   In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).   Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"   *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).   Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to

include claims never presented.  *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999).  That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

### B.  Analysis

The complaint is simply insufficient and fails to comply with federal pleading requirements.  Plaintiff simply alleges that Defendants (1) "deprived [him of] due process of law by seizing the title to the property without proving that they are the holder in due course;" (2) "violated Plaintiff's right to receive full disclosure of the contract prior to destruction of documents;" (3) violated its fiduciary duties by "using suspicious and unlawful practices;" and (4) "misle[d] Plaintiff during execution of the contract."  (ECF No. 1 ¶¶ 18-19, 25).  These unsupported legal conclusions are insufficient to state a claim.[3]

---

[3] Responding to Defendant's motions to dismiss, Plaintiff has provided somewhat more information. (ECF No. 7, at 6-8). However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Mylan*

Plaintiff has presented facts in the complaint indicating that he sent letters attempting to rescind the loan contract. Construing the complaint liberally, Plaintiff appears to be arguing that he has a right to rescind based on violations of the Truth in Lending Act and 12 C.F.R. § 226.39, both of which require certain disclosures by lenders as part of loan documentation. (ECF No. 1 ¶ 2). Plaintiff has not alleged, however, what disclosures Defendants failed to make that were required.

Plaintiff appears to misunderstand the federal pleading requirements under current law. (*See* ECF No. 7-1, at 3). As noted, Rule 8(a) requires the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Giacomelli*, 588 F.3d at 193. Even after affording the complaint a generous construction, the court cannot ignore Plaintiff's clear failure to allege facts supporting his claims. Accordingly, Defendants' motion to dismiss will be granted. Should Plaintiff file an amended complaint, he must identify each of the laws on which this civil action is predicated and what specific acts or omissions by

---

*Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

Defendants allegedly violated those laws.  Any amended complaint must meet the federal pleading standards described in the Standard of Review section above, including factual allegations sufficient to establish a plausible basis for his claims.

## IV.  Plaintiff's Motion to Strike

Plaintiff has also moved to strike the affidavit of Cindy Cook attached to Defendants' motion to dismiss.  "Ordinarily, a court cannot consider matters outside the pleadings or resolve factual disputes when ruling on a Rule 12(b)(6) motion to dismiss."  *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  Accordingly, the court did not consider Ms. Cook's affidavit in reaching the decision above.  Therefore, Plaintiff's motion will be denied as moot.  *See Wheeler v. Leonard*, No. DKC-2008-0774, 2010 WL 1141199, at *5 n.2 (D.Md. Mar. 22, 2010); *L.M.P. Serv., Inc. v. Shell Oil Co.*, 116 F.Supp.2d 645, 648 (D.Md. 2000).

## V.  Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Brand Group Holdings, Inc. and Brand Mortgage Group will be granted, and the motion to strike filed by Plaintiff Jeffrey Nix El will be denied as moot.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
